# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN DOE AND JANE DOE,** *Plaintiffs,* | : | **CIVIL ACTION** |
| **v.** | : | **NO. 26-3866** |
| **EASTERN ATLANTIC STATES COUNCIL OF CARPENTERS, *et al.,*** *Defendants.* | : | |

## ORDER

**AND NOW**, this 1st day of September 2026, upon consideration of Plaintiffs' *motion to proceed anonymously*, (ECF 2), to which no response has been filed, and for good cause shown, it is hereby **ORDERED** that the Plaintiffs' motion is **GRANTED**.[1] Accordingly,

---

[1] On June 5, 2026, Plaintiffs commenced an employment action against Defendants, (ECF 1), and simultaneously filed the underlying motion to proceed anonymously, (ECF 2). In their motion, Plaintiffs seek to proceed anonymously by using the pseudonyms, "John Doe" and "Jane Doe," in the pleadings and by redacting the address of their residence from the same. (*Id.*). Plaintiffs argue that they have articulated a legitimate, reasonable fear of violence and retribution if their names and address are disclosed in the pleadings, and that the public interest weighs in favor of preserving their anonymity. (*Id.*). Plaintiff Jane Doe — a transgender woman — avers that she reasonably fears violence and retribution because she has experienced several adverse events since transitioning; *to wit*: rejection by and estrangement from her family, sexual assault, mocking, harassment, bullying, unwanted attention, discrimination, and isolation. (*Id.*). She further avers that these experiences, in combination with a climate of fear and violence directed toward members of the transgender community, have caused her to fear severe harm resulting from the potential disclosure of her identity in the pleadings. (*Id.*). Plaintiff John Doe — Plaintiff Jane Doe's partner, who resides at the same address as her — avers that, because of his status as Plaintiff Jane Doe's partner and because of Plaintiff Jane Doe's prior experiences with violence and harassment, he fears being targeted for retribution and violence if his name is disclosed. (*Id.*). With respect to the public interest in the preservation of their anonymity, Plaintiffs argue that, while the public has a general interest in the development of the law surrounding transgender rights, the public does not have a significant interest in the identity of specific litigants. (*Id.*). Defendants have not filed a response to Plaintiffs' motion and the time to do so has passed.

Federal Rule of Civil Procedure ("Rule") 10 requires, *inter alia*, that the title of the complaint "name all the parties." Fed. R. Civ. P. 10(a). Court proceedings ordinarily are public, and both defendants (or plaintiffs) and the public have a right to know who is using the courts. *See Nixon v. Warner Cmmc'ns, Inc.,* 435 U.S. 589, 598–99 (1978). As such, a plaintiff's use of a pseudonym "runs afoul of the public's common law right of access to judicial proceedings." *Does I Thru XXIII v. Advanced Textile Corp.*, 214

F.3d 1058, 1067 (9th Cir. 2000). Despite this strict requirement, in exceptional circumstances, courts have allowed plaintiffs and defendants in civil actions to file complaints using pseudonyms such as "John Doe," or the like, instead of their real names. *See, e.g.*, *Doe v. Provident Life and Acc. Ins. Co.***,** 176 F.R.D. 464, 470–71 (E.D. Pa. 1997).

In *Doe v. Megless*, the United States Court of Appeals for the Third Circuit, (the "Third Circuit"), endorsed a standard for determining whether a party should be allowed to proceed in pseudonym. 654 F.3d 404, 409–10 (citing *Provident Life*, 176 F.R.D. at 467–68). Under this standard, "[t]he public's right of access should prevail unless [the party requesting pseudonymity] demonstrates . . . that his interests in privacy or security justify pseudonymity." *Provident Life*, 176 F.R.D. at 467 (quoting Joan Steinman, *Public Trial, Pseudonymous Parties: When Should Litigants be Permitted to Keep Their Identities Confidential?*, 37 Hastings L.J. 1, 37 (1985)) (alteration in original). "In determining whether a party has satisfied this standard, the Court should weigh the private and public interests favoring pseudonymous litigation against the public interest in knowing the true identity of the parties." *Id.* (citing Steinman, *supra,* at 38–42). To guide this analysis, courts examine a non-comprehensive list of factors favoring and disfavoring anonymity. *Megless*, 654 F.3d at 409 (citing *Provident Life*, 176 F.R.D. at 467–68). Factors supporting the use of a pseudonym include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Provident Life*, 176 F.R.D. at 467–68 (citing Steinman, *supra*, at 38–41). Factors that would militate against the use of a pseudonym include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* at 468 (citing Steinman, *supra*, at 41–42). Examples of areas where courts have allowed pseudonyms include cases involving "abortion, birth control, transsexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality." *Doe v. Borough of Morrisville,* 130 F.R.D. 612, 614 (E.D. Pa. 1990). They also include cases involving transgender plaintiffs engaged in employment-related disputes. *See, e.g.*, *Doe v. Triangle Doughnuts, LLC*, 2020 WL 3425150, at *6 (E.D. Pa. June 23, 2020).

Here, this Court incorporates by reference Plaintiffs' reasons for their requests. After analyzing those reasons under the *Provident Life* test for balancing Plaintiffs' interest and fear against the public's strong interest in an open litigation process, this Court finds that Plaintiffs have articulated exceptional reasons to proceed anonymously and have shown a reasonable fear of severe harm that outweighs the public's interest in open litigation.

Specifically examining the factors that might favor use of a pseudonym: (1) Plaintiffs John Doe and Jane Doe have made clear efforts to keep their identities confidential, using pseudonyms in their

1. Plaintiffs are permitted to file the Complaint so that the caption reflects the name of the Plaintiffs as, "Jane Doe" and "John Doe";

2. The parties shall file any and all pleadings and other documents with the Court using, "Jane Doe" and "John Doe," for Plaintiffs' names, and/or shall redact any pleadings and other documents filed of Plaintiffs' names;

3. Plaintiffs are permitted to redact Plaintiffs' address from the Complaint, and any amendment thereto.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

complaint and the instant motion, and redacting identifying information from the same; (2) the fears that Plaintiffs have articulated are substantial, including physical violence, and are not merely hypothetical, but rooted in past treatment that Plaintiff Jane Doe has already experienced, (*see* ECF 2-1); (3) the public may, as Plaintiffs argue, have an interest in protecting Plaintiffs' confidentiality that outweighs the need for public disclosure of their identities because this case deals with "important societal issues of equity and personal value" and because society has an interest in not deterring plaintiffs from bringing accusations of the sort at issue in this case, where their identification in doing so might subject them to risk, *Triangle Doughnuts*, 2020 WL 3425150 at * 6; (4) the present case is not purely legal in nature, so the action's nature does not render the public interest in the identities of the litigants atypically weak; (5) Plaintiffs would, if unable to proceed under pseudonyms and therefore unable to safely proceed with this case, suffer an adverse outcome as they would have no recourse for the alleged discrimination based on the same characteristic that creates the risk they now seek to avoid by proceeding anonymously; and, finally, (6) this Court detects no ulterior motives for Plaintiffs' request to proceed anonymously. In sum, four out of six factors (1, 2, 5, and 6) clearly weigh in favor of the use of a pseudonym, one factor (3) arguably does, and one is near-neutral (4). Plaintiffs have shown a strong interest and reason in proceeding anonymously.

Examining the factors that might disfavor anonymity: (1) as discussed, there is a universal level of public interest in access to the identities of litigants, but there are no factors present to raise the public interest in said identities beyond that basic level; (2) no party has averred that any present litigants are public figures, and as such, the public interest is not abnormally strong compared to other civil actions; and (3) Defendants have offered no objections to the motion for the Court's consideration. As such, none of these factors weigh against permitting Plaintiffs to proceed anonymously.

In summary, examining the weight of all the factors together, the Court finds that Plaintiffs have shown a reasonable fear of severe harm that significantly outweighs the public's interest in disclosure of Plaintiffs' identities and justifies their use of pseudonyms. Consequently, Plaintiffs' motion is granted.